# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LYNETTE SIMMONS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 12-1182** |
| **HOMESITE INSURANCE COMPANY** | **SECTION: "S" (4)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Lynette Simmons' Motion to Remand (Doc. #9) is **GRANTED**, and this matter is **REMANDED** to the Civil District Court, Parish of Orleans, State of Louisiana.

## BACKGROUND

This matter is before the court on plaintiff's motion to remand this matter to the Civil District Court, Parish of Orleans, State of Louisiana. Plaintiff, Lynette Simmons, argues that this court lacks subject matter jurisdiction because the amount in controversy is less than $75,000.

In 2005, Simmons, who is a Louisiana citizen, owned a home in New Orleans, Louisiana that was insured by defendant, Homesite Insurance Company, under a homeowner's insurance policy. On August 29, 2005, Hurricane Katrina damaged the property.

On May 28, 2011, Simmons, along with four other plaintiffs, filed suit against Homesite in the Civil District Court, Parish of Orleans, State of Louisiana, Price v. Homesite Ins. Co., C/A No. 11-5321, seeking to recover under their Homesite homeowner's insurance policies for Hurricane Katrina damage to their properties. The plaintiffs alleged that prescription was interrupted by their membership in classes that filed class action lawsuits against Homesite relating to Hurricane Katrina

damage to insured properties. Each plaintiff executed an irrevocable stipulation that her damages did not exceed $75,000, including all penalties and attorneys' fees, and attached it to the petition. The plaintiffs all owned separate properties that were insured under separate Homesite homeowner's insurance policies. As a result, Homesite filed an exception of improper cumulation. The court sustained Homesite's exception, severed the plaintiffs' claims, and ordered each plaintiff to file a separate petition to be randomly allotted among the divisions of the Civil District Court, Parish of Orleans, State of Louisiana.

On April 9, 2012**,** Simmons filed her separate petition against Homesite in the Civil District Court, Parish of Orleans, State of Louisiana, <u>Simmons v. Homesite Ins. Co.</u>, C/A No. 12-3418. She attached the original petition from <u>Price v. Homesite Ins. Co.</u>, C/A No. 11-5321, with her stipulation, to her new petition, and specifically stated that she "reiterates and reavers all of the allegations, claims and prayers for relief contained" therein. In her prayer for relief, Simmons requests "all the relief demanded in the original petition, as amended herein, including all amounts due to her under her policy of insurance, penalties, attorneys' fees, and legal interest from the date of judicial demand . . . ."

On May 10, 2012, Homesite removed this action to the United States District Court for the Eastern District of Louisiana alleging diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Homesite alleges that Simmons is a Louisiana citizen, and that it is a citizen of Connecticut and Massachusetts. It contends that there is more than $75,000 in controversy because Simmons alleges that her home was "destroyed or damaged," and she seeks to recover for property damage and additional living expenses. Homesite alleges that Simmons' policy limits for the available

2

coverages total $246,5600, and that it has paid her $7,289, leaving a potential recovery of $239,210.08 under the policy. Homesite also argues that Simmons' demands for penalties and attorneys' fees, along with her demand for payment under the policy, demonstrate that the amount in controversy is well above the jurisdictional minimum of $75,000. Homesite contends that Simmons' stipulation in the original petition in Price v. Homesite Ins. Co., C/A No. 11-5321, does not bind her in this lawsuit because Price v. Homesite Ins. Co., C/A No. 11-5321, was dismissed, and Simmons did not specifically reiterate that she adopted the stipulation in her new petition.

Simmons filed a motion to remand this matter to the Civil District Court, Parish of Orleans, State of Louisiana, arguing that the amount in controversy does not exceed $75,000 due to the binding stipulation she filed with the original lawsuit and adopted with this suit. Simmons contends that she intended to adopt the stipulation in this suit by re-alleging and re-avering the claims she made in Price v. Homesite Ins. Co., C/A No. 11-5321 in this suit, and by attaching the petition from Price v. Homesite Ins. Co., C/A No. 11-5321, along with the stipulation, to the petition in this suit.

## ANALYSIS

Motions to remand to state court are governed by 28 U.S.C. 1447(c), which provides that "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." "To determine whether jurisdiction is present for removal, we consider the *claims in the state court petition as they existed at the time of removal*." Manguno v. Prudential Prop. and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002)(citing De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995)) (emphasis added). Ambiguities are construed against removal because the removal statue should be strictly construed in favor of remand.

3

Manguno, 276 F.3d at 723 (citing Acuna v. Brown & Root, 200 F.3d 335, 339 (5th Cir. 2000)). Doubts regarding whether federal jurisdiction is proper should be resolved against federal jurisdiction. Acuna, 200 F.3d at 339. The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir.).

Pursuant to 28 U.S.C. § 1332, a federal district court has original subject matter jurisdiction over matters in which there is complete diversity between the plaintiffs and the defendants, and the amount in controversy exceeds $75,000. In this matter, there is complete diversity among the parties because Simmons is a Louisiana citizen, and Homesite is a citizen of Massachusetts and Connecticut. The parties dispute whether there is at least $75,000 in dispute.

In Louisiana state courts, plaintiffs are not ordinarily allowed to plead a specific amount of money damages. The United States Court of Appeals for the Fifth Circuit has held that when a case in which the plaintiff has alleged an indeterminate amount of damages is removed, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Simon v. Wal-Mart Stores, 193 F.3d 848, 850 (5th Cir. 1999). A defendant satisfies this burden either by showing that it is "facially apparent" that the plaintiff's claims exceed the jurisdictional amount, or by setting forth the facts in dispute support a finding that the jurisdictional amount is satisfied. Allen v. R&H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995).

If the "facially apparent" test is not met, the court may consider summary judgment type evidence relevant to the amount in controversy as of the time of removal. Allen, 63 F.3d at 1336.

4

If the defendant meets its burden, the plaintiff can defeat removal only by establishing with legal certainty that the claims do not exceed $75,000. De Aguilar, 47 F.3d at 1412.

In a claim based on recovery under an insurance policy, it is the value of the claim, not the value of the underlying policy, that determines the amount in controversy, unless the value of the claim exceeds the value of the policy. Hartford Ins. Grp. v. Lou-Con Inc., 293 F.3d 908, 911 (5th Cir. 2002). The defendant must do more than point to a state law that *might* allow plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000. See De Aguilar, 47 F.3d at 1412 (emphasis in original).

In accordance with Louisiana law, Simmons did not state the exact amount of her claim in either the petition filed in Price v. Homesite Ins. Co., C/A No. 11-5321, or in the petition she filed in this suit. However, Simmons filed a binding stipulation in Price v. Homesite Ins. Co., C/A No. 11-5321, that her damages, including all penalties and attorneys' fees, do not exceed $75,000. She specifically adopted the petition from Price v. Homesite Ins. Co., C/A No. 11-5321, and all of the attachments thereto, including the stipulation, by attaching them to this suit and stating that she re-alleges and re-avers all claims made in the first suit. Because plaintiff has stipulated that the amount in controversy does not meet the jurisdictional threshold of $75,000, this matter must be remanded to the Civil District Court, Parish of Orleans, State of Louisiana.

## CONCLUSION

**IT IS HEREBY ORDERED** that Lynette Simmons' Motion to Remand (Doc. #9) is **GRANTED**, and this matter is **REMANDED** to the Civil District Court, Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, this   28th day of June, 2012.

_____
MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE